IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:06CR730

          Plaintiff

    v.                                                             ORDER

Thomas Galan,

          Defendant


This is a capital case in which the defendant has filed a motion to preclude the government

from seeking the death penalty. [Doc. 71].

The gravamen of the motion is that the maximum penalty – death – cannot be sought or

imposed because whether aggravating factors outweigh mitigating factors was not presented to the

grand jury, so that the indictment does not allege that such is the case.

Accordingly, the defendant argues, the indictment fails to allege an element – whether

aggravating outweigh mitigating factors – that the jury must decide before it can return a death

verdict. As a result, a capital sentence would violate the doctrine of *Apprendi v. New Jersey*, 530

U.S. 466 (2000), and subsequent decisions.

For the reasons that follow, the defendant's motion shall be overruled.

### Discussion

In *Apprendi* the Supreme Court held that the due process clause of the Fifth Amendment and

right to trial by jury under the Sixth Amendment require that any fact (other than a prior conviction)

that can increase the maximum penalty must be charged and proven beyond a reasonable doubt. *Id.*

at 476 (citing *Jones v. U.S.*, 526 U.S. 227 (1999)). Under *Apprendi*, facts and factors that can

increase the maximum penalty are viewed as elements for the grand jury to charge and the government to prove. *See Harris v. U.S.*, 536 U.S.545, 567 ( 2002) ("read together, *McMillan v. Pennsylvania*, 477 U.S. 79 (1986) and *Apprendi* mean that those facts setting the outer limits of a sentence and of the judicial power to impose it are elements of the crime for constitutional analysis.").

The defendant ultimately bottoms his motion on *Ring v. Arizona*, 536 U.S. 584 (2002). Describing aggravating factors as the "functional equivalent of an element of a greater offense," *id.* at 605 (citing *Apprendi, supra*, 530 U.S. at 494, n.19), the Court held that the Arizona capital sentencing scheme impermissibly allowed the judge, rather than the jury, to determine the existence of such factors.  After *Ring*, the government, though the Federal Death Penalty Act, 18 USC § 3592 *et seq.,* is silent with regard to the role of the grand jury, has routinely, as it did in this case, included a recitation of statutory aggravating factors in death case indictments. *See, e.g., U.S. v. Brown*, 441 F.3d 1330, 1367 (11th Cir. 2006).

That, the defendant contends, is not enough under *Apprendi* and *Ring*. He argues that to satisfy constitutional norms in light of those cases, the indictment must allege that the aggravating factors outweigh mitigating factors, and the government must prove that such is so.[1] This, the defendant asserts, involves a "factual finding" that must precede the death sentence. [Doc. 71 at 6].

Not surprisingly, the government views the circumstances differently, pointing out that mitigation factors "reduce, rather than increase, a statutory sentence," so that "*Apprendi, Ring* and

---

[1] The parties dispute the standard of proof applicable to the jury's weighing decision. I leave that issue for another day, as deciding it now is not necessary to resolve the more narrow issued presented in the defendant's instant motion.

similar cases are inapposite. [Doc. 94 at 6]. This being so, the government continues, there is "no requirement to submit such factors to the grand jury which considers the death penalty case." *Id.*

The government notes practical impediments to presenting mitigating factors to a grand jury. Among these are difficulties in an *ex parte* proceeding in discerning what the defendant might view as mitigating. Even if some defendants desired and were able to go before the grand jury to present such evidence, others might prefer to keep their case in mitigation hidden from the government's view.

The first alternative would stand conventional grand jury procedure on its head by bringing the defendant into the grand jury room.[2] The second circumstance is equally troublesome. If the target elected not to disclose his case in mitigation, where would the government turn to try to inform the grand jury about possible mitigating factors? What if it read its crystal ball, tea leaves or *Racing Form* wrong: would that preclude a capital sentence?

The grand jury, as the government notes, is, moreover, in the business of finding probable cause, not assessing possible defenses. For this reason, among others, the government has no obligation to bring target-favorable evidence into the grand jury room. *U.S. v. Williams*, 504 U.S. 36, 47 (1992); *see also U.S. v. Angel*, 355 F.3d 462, 475 (6th Cir.2004) (rejecting claim of prosecutorial misconduct based on failure to present favorable evidence to the grand jury).

---

[2]

And then what. Could counsel come in with the target? Could the target present witnesses? Summon them? Could they be expert witnesses? Perhaps more fundamentally: how often is the target of a grand jury considering the return of capital charges likely to be aware of that fact?

The practical consequences of granting the defendant's motion are, are thus at best difficult to fathom. In the final analysis, however, that does not matter, as several cases point the way toward overruling the motion.[3]

First, as recited in the following long quotation in the government's brief from a district court's opinion in *Resendez v. Reske*, 2005 WL 2171890, *3 (S.D. Tex.):

> *Apprendi* jurisprudence skirts any application to mitigating evidence. Federal law has long recognized "the distinction .   .   .between facts in aggravation of punishment and facts in mitigation." *Apprendi,* 120 S. Ct. at 2363, n. 16; *see also Ring*,122 S. Ct. at 2437,  n. 4 (noting that the defendant in that case made "no Sixth Amendment claim with respect to mitigating circumstances"); *United States v. De Jesus-Batres*, 410 F.3d 154, 163 n. 2 (5th Cir. 2005) (finding that *United States v. Booker*, [543] U.S. [220], 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which extended *Apprendi* to the Federal Sentencing Guidelines, "appl[ies] only to the sentencing adjustments based on judge-found facts which increase a defendant's sentence, not to mitigating adjustments"); *Rowell v. Dretke*, 398 F.3d 370, 378 (5th Cir. 2005) ("[T]he Supreme Court recognizes an important distinction between facts in aggravation of punishment and facts in mitigation."); *United States v. Fazal-Ur-Raheman-Fazal*, 355 F.3d 40, 52 (1st Cir.) ("If a fact decreases the maximum penalty, it is a mitigating factor that may be decided by the court."), cert.denied, [543] U.S. [856], 125 S.Ct. 173, 160 L.Ed.2d 93 (2004); *United States v. Hamlin*, 319 F.3d 666, 671 (4th Cir. 2003)("The Supreme Court in *Apprendi* recognized that the existence of possible facts in mitigation does not affect the statutory maximum."); *United States v. Outen*, 286 F.3d 622, 638 (2d Cir. 2002)("Apprendi, however, specifically noted and reaffirmed the distinction between 'facts in aggravation of punishment and facts in mitigation.'").

A similar view toward the aggravation/mitigation distinction appears in *U.S. v. Natson*, 444 F.Supp.2d 1296, 1304 (M.D. Ga. 2006):  the "final balancing phase findings do not expose the defendant to the death penalty[:] .   .   . he is exposed to that penalty when the jury finds beyond a

---

[3]

This is so, even if, as the government asserts, the defendant's motion raises an issue of first impression. [Doc. 94 at 2].

reasonable doubt that he had the requisite mens rea along with the existence of one statutory aggravating factor."[4]

The Fifth Circuit rejects the defendant's contention that weighing involves fact finding. In its view, "[t]he *Apprendi/Ring* rule does not extend to the ultimate decision whether to impose the death penalty" because:

> the jury's decision that the aggravating factors outweigh the mitigating factors is not a finding of fact. Instead, it is a "highly subjective," "largely moral judgment" "regarding the punishment that a particular person deserves.  .  .  ." *Caldwell v. Mississippi*, 472 U.S. 320, 340 n. 7, 105 S. Ct. 2633, 86 L.Ed.2d 231 (1985). In death cases, "the sentence imposed at the penalty stage .  .  . reflect[s] a reasoned moral response to the defendant's background, character, and crime." *Penry v. Lynaugh*, 492 U.S. 302, 319, 109 S. Ct. 2934, 106 L.Ed.2d 256 (1989) (emphasis in original). The *Apprendi/ Ring* rule applies by its terms only to findings of fact, not to moral judgments. *See Ring*, 536 U.S. at 602, 122 S. Ct. 2428.

*U.S. v. Fields*, 483 F.3d 313, 346 (5th Cir.2007); *accord*, *U.S. v. Barrett*, 2007 WL 2122059, *25 -26 (10th Cir.).

Another district court rejected another crucial premise on which the defendant's motion is based [namely, that the weighing process involves an "element" under *Ring*]:

> Defendant's argument is based on the premise that every fact that increases the maximum punishment for an offense automatically becomes an "element" of the offense and therefore, the facts must be defined as elements in the statute and alleged in the indictment. Insofar as the constitutionality of the Federal Death Penalty Act is concerned, there are three flaws in this argument. First, *Ring* did not characterize aggravating factors as elements of the charged offense but rather as the "functional equivalent" thereof. Second, the context for the "functional equivalent" characterization was the question whether the right of jury trial attached to the fact-finding process for aggravating factors. Third, *Ring* specifically noted that there

---

[4]

The court in *Natson*, which involved the issue of the standard of proof, qualified its conclusion by noting in a footnote that the Circuit, in agreement with the defendant's argument in this case, could conclude that "a finding that the aggravating factors outweigh the mitigating ones in the final balancing phase is absolutely necessary before a defendant can be sentenced to death .  .  .  ." *Id.* at n.10.

was no claim that the aggravating factors should have been placed in the charging instrument. Therefore, it is simply incorrect to assert that Ring held that aggravating factors must be charged in the indictment. While the Supreme Court may in the future clarify that that was its intent, it has not done so yet.

*U.S. v. Battle*, 264 F.Supp.2d 1088, 1103 (N.D.Ga. 2003); *accord, Natson, supra*, 444 F.Supp.2d at 1304 ("that the fact that the petit jury must find that the aggravating factors outweigh the mitigating factors to impose the death penalty is not an element of the offenses in the indictment.").

Finally, it has been held that *Apprendi* and *Ring* announced a rule of procedure, rather than of substantive law. *U.S. v. Samson*, 486 F.3d 13, 21 (1st Cir. 2007) ("What is involved in the application of *Ring* is a matter of procedure, not of substantive definition regarding death-penalty eligibility. After all, in the habeas context, *Apprendi* and *Ring* regularly have been held to announce a new rule of criminal procedure, not a new rule of substantive law.") (citations omitted).

While none of these cases may directly or exhaustively address the defendant's challenge to the possible death sentence in this case, taken together I find them to be persuasive. This is particularly so, as I've found no case that deflects, much less defeats their overall approach.

### Conclusion

I conclude, accordingly, that the defendant's motion should be overruled because: *Apprendi* and *Ring* do not apply to mitigation, which can only reduce, rather than increase the sentence; the process of weighing aggravating and mitigating factors does not involve fact finding, so that no element is at issue; and *Apprendi* and *Ring* establish a procedural, rather than substantive doctrine.

Added to the legal grounds for denying the defendant's motion are serious and substantial practical concerns relating the historic function and operation of the grand jury. While one can only speculate about those consequences, none appears to be desirable.

It is, therefore,

6

ORDERED THAT defendant's motion to preclude the government from seeking the death penalty [Doc. 71] be, and the same hereby is overruled.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

7