IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas A. Galan,                                    Case No.  3:13-cv00089
                                                              3:06-cr-730

       Defendant-Petitioner

v.                                                  **ORDER**

United States of America,

       Plaintiff-Respondent

In this case under 28 U.S.C. § 2255, defendant Thomas A. Galan alleges he received ineffective assistance of counsel at trial and on direct appeal.

For the reasons that follow, I deny Galan's § 2255 motion.

## Background

In 2006, the government indicted Galan on one count of drug conspiracy in violation of 21 U.S.C. § 846. The grand jury subsequently returned two superseding indictments charging Galan with two counts of murder with a firearm in relation to a drug trafficking crime. 18 U.S.C. § 924(j). The second superseding indictment contained a Special Findings section reciting the elements that, if proved, made Galan eligible for the death penalty.

The evidence at Galan's jury trial showed that he was a mid-level drug dealer distributing methamphetamine and marijuana in Fostoria, Ohio. *See United States v. Galan*, 436 F. App'x 467, 468 (6th Cir. 2011). One of the government's witnesses, Dion Tey, testified that he regularly purchased quarter- to half-pound quantities of marijuana from Galan in 1996. Tey incurred a drug debt to Galan that he paid off by giving Galan a Luger pistol.

Additional evidence showed that, by the Fall of 1996, Galan incurred a drug debt to the Flores brothers, two of his main suppliers. On December 7, 1996, Galan shot both Flores brothers to death with the Luger. The murders remained unsolved until 2005, when the Luger was found in a creek bed near the murder scene. "Ballistics tests confirmed the weapon was used to commit the murders, and other evidence developed by investigators linked the weapon to Galan." *Galan*, *supra*, 436 F. App'x at 468.

The jury convicted Galan on all counts, and the case proceeded to the penalty phase. After the parties presented aggravation and mitigation evidence, I instructed the jury, *inter alia*, to "determine whether justice requires imposition of the death penalty or life in prison without any possibility of release." (Doc. 160 at 3). My instructions did not permit the jury to consider whether Galan should be sentenced to a term of years.

The jury returned a verdict sentencing Galan to life imprisonment without the possibility of release. Accordingly, I imposed a life sentence for each murder conviction as well as a 480-month sentence for the drug conspiracy conviction, with all sentences running concurrently.

Galan appealed, arguing as relevant here that I erred in failing to instruct the jury to consider three sentencing options: the death penalty, life imprisonment without the possibility of release, or imprisonment for any term of years. The Sixth Circuit agreed with Galan's argument, vacated his sentences on the murder convictions, and remanded. *See Galan*, *supra*, 436 F. App'x at 470-471.

At the time of the murders, section 924(j)(1) provided that:

[a] person who, in the course of a violation of subsection (c) [using or carrying a firearm during and in relation to a drug trafficking crime], causes the death of a person through the use of a firearm shall – (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life[.]

2

18 U.S.C. § 924(j)(1).

At the penalty phase of this case, however, confusion arose when cross-referencing § 924(j) with the definition of murder in 18 U.S.C. § 1111. In addition to defining murder, *see* § 1111(a), that statute also specifies the penalty for first degree murder as death or life imprisonment without the possibility of release, *see* § 1111(b). Relying on § 1111(b), I instructed the jury that Galan could be sentenced only to death or life imprisonment.

However, as the Sixth Circuit explained, section 924(j) "incorporates only the definition of murder in § 1111(a), and not the penalty provision from § 1111(b), thereby preventing a first degree murder conviction under § 924(j) from becoming a de facto mandatory minimum life sentence." *Galan*, *supra*, 436 F. App'x at 471. Thus, Galan's jury should have had "the option to permit [me] to sentence [him] to a term of years." *Id.*

On remand, I held a new sentencing hearing at which I considered whether to sentence Galan to a term of years. The presentence report (PSR) indicated that Galan's base offense level for violating § 924(j)(1) was level 43. The punishment for all level 43 offenses is life imprisonment. Although the Guidelines are advisory, nothing in the PSR warranted a downward departure or variance from the recommended sentence. I therefore imposed a life sentence for each murder conviction, to be served concurrently with the 480-month sentence for the drug conspiracy conviction.

Galan filed this § 2255 action in January, 2013. He alleges that trial counsel was ineffective for failing to: 1) prepare sufficiently for the penalty phase so that he could identify the instructional error discussed above; and 2) object that the instructional error violated Galan's due process rights. Galan also alleges direct appeal counsel was ineffective for failing to argue that I abused my

3

discretion in not permitting the jury to consider whether Galan should be sentenced to a term of years.

## Discussion

To prevail on his ineffective assistance claims, Galan must show: 1) that counsel's performance fell below an objective standard of reasonableness; and 2) but for counsel's unprofessional errors, there is a reasonable probability of a different result. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The *Strickland* standard governs claims of ineffective assistance of counsel at trial and on appeal. *Jackson v. Bradshaw*, 681 F.3d 753, 774 (6th Cir. 2012).

Galan's claims all revolve around the instructional error that the Sixth Circuit identified on direct appeal, *see Galan*, *supra*, 436 F. App'x at 470-471, and that I rectified on remand. As the Sixth Circuit explained, Galan was entitled to have the jury consider three sentencing options: the death penalty, life imprisonment, and imprisonment for any term of years. My instructional error denied Galan's jury the option of recommending a term-of-years sentence, and I thus imposed the mandatory life sentences.

On remand, however, I held a new sentencing hearing at which Galan was eligible for a term of years for the murder convictions. I noted defense counsel's argument that "a life sentence is not necessary" because, *inter alia*, the "homicide was less than well thought out." (Doc. 224 at 3). But I also noted that Galan's base offense level under Guidelines § 2A1.1 was 43, and that under the Sentencing Guidelines the punishment for level 43 offenses is life imprisonment. Because Galan's PSR listed no adjustments and identified no relevant conduct warranting a downward departure or variance, I imposed the life sentences.

4

### 1. Trial Counsel

Because I have already corrected the instructional error on which Galan's trial counsel claims rest, Galan cannot show prejudice.

If trial counsel had objected to the sentencing instructions, and if the jury had returned a verdict finding Galan should be sentenced to a term of years, then I would have been required to hold a sentencing hearing at which Galan was eligible to receive a term of years. But that is precisely the procedure that I followed at the sentencing hearing on remand. At that hearing, I recognized Galan was eligible for a term of years. However, in light of the level 43 base offense level and Galan's PSR, I determined the only appropriate sentence was life imprisonment.

Accordingly, Galan cannot show that, but for counsel's failure to object to the jury instructions, there is a reasonable probability that he would have received a sentence other than life imprisonment.

### 2. Appellate Counsel

Furthermore, Galan has not shown that appellate counsel performed deficiently. Appellate counsel performs deficiently when he fails to raise an issue that is "clearly stronger than the issues counsel did present." *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013). Here, however, appellate counsel raised the very issue Galan asserts he should have raised (though counsel did not frame it as an abuse-of-discretion claim, as Galan does), and, in so doing, secured a new sentencing hearing for his client.

Nor can Galan demonstrate that appellate counsel's performance prejudiced him. To show prejudice, Galan must demonstrate "a reasonable probability that, but for his counsel's unreasonable failure to raise this issue on appeal, he would have prevailed on appeal." *Moore*, *supra*, 708 F.3d at

776. But Galan did prevail on appeal: the Sixth Circuit vacated his sentences, and on remand I held a new sentencing hearing at which Galan was eligible for a term of years.

### 3. Certificate of Appealability

Finally, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that I "issue or deny a certificate of appealability when [I] enter[ ] a final order adverse to the applicant." A certificate of appealability is warranted only when the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

Galan has not made the required showing on his *Strickland* claims, for the reasons already given in this opinion. Accordingly, no certificate of appealability will issue.

### Conclusion

For the foregoing reasons, it is hereby ORDERED THAT Galan's motion to vacate, set aside, or correct sentence (Doc. 226) be, and the same hereby is denied. No certificate of appealability will issue.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge